UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs

**HARVEY A. PEARL**

Case Number. 8:15-cr-466-T-17AAS
USM Number: 64752-018

Robert N. Nicholson, Retained

_____

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Information. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 1347 and 2 | Health Care Fraud | December 31, 2011 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

October 21, 2016

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

October ___, 2016

# PROBATION

The defendant is hereby placed on probation for a term of **FIVE (5) YEARS** as to Count One of the Information.

While on probation, the defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least TEN (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

Harvey A. Pearl
8:15-cr-466-T-17AAS

13.  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF PROBATION

The defendant shall also comply with the following additional conditions of probation:

- The defendant shall participate in the Home Detention program for a period of **SIX (6) MONTHS**. During this time, the defendant will remain at the defendant's place of residence except for employment and other activities approved in advance by the Probation Office. The defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Office. Further, the defendant shall be required to contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office based on the defendant's ability to pay.

- The defendant will be allowed to attend his son's high school home football games. Defendant shall notify the Probation Office in advance of the games.

- The defendant will also to be allowed to transport this other son to and from crew practice. Defendant shall notify the Probation Office of the practice schedule in advance.

- Defendant will be allowed to travel to Tampa for the purposes of assisting the Government. Proper notification and approval shall be obtained from the Probation Office prior to defendant's travel.

- The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases, **or attempting to do so**, without the ***express prior approval*** of the probation officer.

- The defendant shall provide the probation officer access to any requested financial information.

- Defendant is to cooperate in the collection of DNA as instructed by the Probation Officer.

- The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | Waived | $434,913.00 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** |
|---|---|---|
| United States Medicare Program<br>CMS Division of Accounting Operations<br>P.O. Box 7520<br>Baltimore, MD  21244 | $434,913.00 | $434,913.00 |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

You shall pay restitution in the amount of $434,913.00 to the United States Medicare Program. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victim(s). You shall pay restitution at the rate of $3,000 per month.

If you become incarcerated in the Bureau of Prisons custody, you shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of his monthly earnings if you have a Unicor job. Upon release from custody, you shall pay restitution at the rate of $3,000 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the [18] Forfeiture Money Judgment, that are subject to forfeiture.  See attached Forfeiture Money Judgment.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:15-cr-466-T-17EAJ

HARVEY A. PEARL

**FORFEITURE MONEY JUDGMENT**

Pursuant to 18 U.S.C. § 982(a)(2) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, the United States moves for a forfeiture money against defendant Harvey A. Pearl in the amount of $434,913.00, representing the proceeds he obtained as the result of the health care fraud scheme as charged in Count One of the Information, which upon entry will be a final order of forfeiture as to the defendant.

The defendant pleaded guilty and was adjudged guilty of devising a scheme to defraud Medicare, in violation of 18 U.S.C. § 1347. As a result of this offense, the defendant obtained $434,913.00 in proceeds to which he was not entitled. Accordingly, it is **ORDERED** that the motion of the United States is GRANTED.

It is FURTHER **ORDERED** that, pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, the defendant is liable to the United States of America for a forfeiture money judgment in the amount of $434,913.00.

Case No. 8:15-CR-466-T-17EAJ

The Court retains jurisdiction to complete the forfeiture and disposition of any property belonging to the defendant that the government is entitled to seek under 21 U.S.C. Sec. 853(p), as incorporated by 18 U.S.C. Sec. 982(b)(1), as a substitute asset to satisfy the defendant's money judgment.

**DONE and ORDERED** in Tampa, Florida on February 1, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record